UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN A. SCHOTT, TRUSTEE

VERSUS

C-SQUARED MANAGEMENT, LLC

CIVIL ACTION

NO. 19-560-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on *Defendant C-Squared's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d)* ("*Motion*") filed by Defendant C-Squared Management, LLC ("C-Squared" or "Defendant"). (*Motion*, Doc. 1)[1] Plaintiff, Martin A. Schott ("Trustee" or "Plaintiff") opposes the motion. (Doc. 2.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

RELEVANT FACTUAL BACKGROUND

InforMD, LLC, ("Debtor") was a Louisiana limited liability company, domiciled in East Baton Rouge Parish, and filed for Chapter 7 bankruptcy in June of 2017. (*Omnibus Opposition*, Doc. 25 in Adv. Pro. No. 19-01019 at 1.) C-Squared filed two proofs of claim against the Debtor on April 26, 2018, requesting compensation for indemnity owed under Debtor's Operating Agreement and the return of capital contribution. (Doc. 2-1.) Thereafter, Trustee filed an adversary proceeding against C-Squared, requesting a money judgment be awarded to Trustee to satisfy the amount alleged to have been fraudulently transferred to Defendant. (*Adversary Complaint*, Doc 1

---

[1] Filed in the Adversary Proceeding No. 19-01019 as *Motion to Withdraw the Reference*, Doc. 11.

in Adv. Pro. No. 19-01019 at 5.) These distributions amounted to $445,899.00 in 2015 and $18,712.00 in 2016. (*Adversary Complaint*, Doc. 1 in Adv. Pro. No. 19-01019, at 2-4.)

In response, Defendant simultaneously filed *Motion for Jury Trial*, the *Motion for Withdrawal of Reference*, and a *Motion to Dismiss Adversary Proceeding*. (*Motion for Jury Trial*, Doc. 9 in Adv. Pro. No. 19-01019); (*Motion for Withdrawal of Reference*, Doc. 11 in Adv. Pro. No. 19-01019); (*Motion to Dismiss Adversary Proceeding*, Doc 13 in Adv. Pro. No. 19-01019.) On August 22, 2019, the *Motion* was transmitted to this Court. (*Motion to Withdraw Reference*, Doc. 1.) On September 17, 2019, Trustee filed a *Memorandum in Opposition to Motion to Withdraw Reference* ("*Response*"). (*Response*, Doc. 2.)

## DISCUSSION

The parties dispute centers on whether cause exists for the Court to permissively withdraw the reference under 28 U.S.C. § 157(d).[2] Defendant argues that cause exists to withdraw the reference because: (1) it has made a jury demand; (2) it has the right to a jury trial on these issues; (3) it has not consented to a jury trial in bankruptcy court; (4) the Court is familiar with the facts at issue in the case because a related adversary proceeding was withdrawn and is pending before the Court in Case No. 18-759. (*Motion*, Doc. 1 at 3-5.) Trustee responds that cause does not exist because: (1) the adversary proceeding is a core proceeding; (2) Defendant filed a claim in the bankruptcy case, thereby submitting the equitable jurisdiction of the bankruptcy court and thus waived its claim to a jury trial; (3) the bankruptcy court is familiar with the law and facts of the case, having presided over the bankruptcy case and the numerous associated adversary proceedings. (*Response*, Doc. 2 at 3-5.)

---

[2] Neither party argues that this case presents a situation where significant questions of federal non-bankruptcy law is at issue. The Court agrees that this case deals solely with law under Title 11. Therefore, the Court finds that mandatory withdrawal of the reference is not appropriate.

2

A. *Applicable legal standard for a motion to withdraw reference*

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). A district court may refer any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district. 28 U.S.C. § 157(a). In the Middle District of Louisiana, under Local Civil Rule 83(d)(1), the District court "under the authority of 28 U.S.C. § 157. . . refers to the Bankruptcy Judges of this District all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11." However, upon timely motion of any party, the district court can withdraw the reference if that party can show cause for withdrawal. 28 U.S.C. § 157(d).

Ultimately, the decision to withdraw the reference from the bankruptcy court is "left to the discretion of the district court." *In re Mirant Corp.*, 197 Fed. Appx. 285, 294 (5th Cir. 2006). 28 U.S.C. § 157(d) provides two methods of withdrawal of the reference: permissive (or discretionary) and mandatory. It provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Since neither party has alleged this proceeding falls under mandatory withdrawal, a discussion of such is unnecessary. As will be discussed below, there is one main issue, whether under permissive withdrawal, cause exists to withdraw the reference.

In *Holland Am. Ins. Co v. Succession of Roy*, the Fifth Circuit set out factors for the Court to consider when determining if cause exists to permissively withdraw the reference under 28 U.S.C. § 157(d). The *Holland* factors are:

3

> (1) whether the nature of the proceedings are core or non-core; (2) whether withdrawal promotes the economical use of the parties' resources; (3) whether withdrawal will promote uniformity in bankruptcy administration; (4) whether withdrawal motivates forum-shopping; (5) whether withdrawal will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial.

*NRG New Roads Holdings LLC v. Horton*, No. CV 15-421-JJB-RLB, 2015 WL 6167817, at *4 (M.D. La. Oct. 21, 2015) (citing, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). The initial consideration before the district court should be whether the lawsuit is a "core" proceeding that bankruptcy court has the jurisdiction to resolve. *Executive Benefits Ins. Agency*, 573 U.S. 25. "Withdrawal of reference, however, is intended to apply only to a limited class of proceedings and is not intended to be an 'escape hatch through which most bankruptcy matters [could] be removed to a district court.'" *Lifemark Hosps. of Louisiana, Inc. v. Liljeberg Enterprises, Inc.*, 161 B.R. 21, 24 (E.D. La. 1993) (citing, *In re National Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1989)).

B. *The Motion seeks to withdraw a "core" proceeding*

1. <u>Parties' arguments</u>

To the extent Defendant addresses, if at all, whether the instant proceeding is a "core" proceeding or not its position is unpersuasive. Defendant only suggests this proceeding may fall into the category of a "core" proceeding but negates its importance, stating that other factors outweigh its classification as "core." (*Motion*, Doc. 1 at 3.) On the contrary, Trustee avers that these proceedings involve only "core" claims over which the bankruptcy court has the constitutional authority to enter final judgment. (*Response*, Doc. 2 at 3.) Moreover, Trustee argues that the present avoidance action is not a Stern-type claim, but instead is "derived from the [Bankruptcy] Code and is asserted to fulfil a quintessential duty of a chapter 7 trustee." (*Id*. at 4.)

4

2. <u>Applicable law</u>

Bankruptcy courts have the constitutional authority to enter final orders on claims that are "core" proceedings that are not state law claims and are therefore not "derived from or dependent on bankruptcy law." *Stern v. Marshall*, 564 U.S. 462, 475 (2011). Specifically, 28 U.S.C. § 157(b)(1) provides, "bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11…and may enter appropriate orders and judgments, subject to review under section 158 of this Title."

Core proceedings are those that arise in Title 11 cases or arise under Title 11. 1 Collier on Bankruptcy ¶ 3.02[2] (16th ed. 2009) (defining core proceedings). Although 28 U.S.C. § 157(d) does not define a "core" proceeding, the Fifth Circuit defines "core" proceedings as those that "involve[ ] a right created by the federal bankruptcy law" or that "would arise only in bankruptcy." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Section 157(b)(2) lists examples of "core" proceedings, including "avoidance actions" and "fraudulent conveyances." 28 U.S.C. §§ 157(b)(2)(F)-(H).

Congress's designation of a fraudulent conveyance and avoidance actions as "core" proceedings, has seen courts wrestling over whether Congress unconstitutionally vested authority to the bankruptcy court to hear and decide on these types of claims for decades. The Supreme Court attempted to clarify the uncertainty in *Stern v. Marshall*. 564 U.S. 462 (2011). *Stern* held that despite a particular cause of action being considered "core", such a claim may still be the type which required final resolution by an Article III court. *Id*. at 482. Under the holding in *Stern*, there are some claims that may be statutorily designated as "core," that the bankruptcy court cannot enter final orders on due to constitutional limitations on the bankruptcy court's jurisdiction. *Id.* ("Although we conclude that § 157(b)(2)(C) permits the Bankruptcy Court to enter final judgment…, Article III of the Constitution does not.").

3. Analysis

The *Complaint* seeks to recover transfers made for less than reasonably equivalent value under 11 U.S.C § 548(a)(1)(B) and 11 U.S.C. § 544(b). (*Complaint*, Doc. 1 in Adv. Proc. No. 19-01019, at 3). The adversary proceeding is therefore a "core" proceeding under 28 U.S.C. § 157(b)(2)(H) because it is a proceeding to determine, avoid or recover fraudulent conveyances. Further, the claims in this case do not present an issue under *Stern v. Marshall* because the claims depend on bankruptcy law in Title 11 and "are not [] state tort action[s] that exists without regard to any bankruptcy proceeding." *Stern*, 564 U.S. at 499. Therefore, because the claims fall under 28 U.S.C. § 157(b)(2)(H) and do not present an issue under *Stern*, the Court find that these are "core" proceedings upon which the bankruptcy court has the jurisdiction to enter final orders.

This factor therefore weighs against withdrawing the reference.

C. *Uniformity and expedience in bankruptcy administration and the economical use of the parties' resources are not promoted by withdrawing the reference.*

1. Parties' arguments

Defendant argues that withdrawing the reference will promote uniformity and expedience in the administration of the bankruptcy case and economical use of the parties' resources (*Motion*, Doc. 1 at 4.) Defendant asserts the resolution of the claims alleged in the Adversary Proceeding in the District Court would not prevent the bankruptcy court from administering assets of the estate or handling issues related to the underlying bankruptcy proceeding. (*Id.*) Defendant points out that because this Court has withdrawn the reference in another adversary proceeding, the Court is familiar with the facts and issues in this case. (*Id.* at 5.)[3]

Trustee responds that withdrawal of the reference must be narrowly construed so that it does not become an escape hatch for matters properly before the bankruptcy court. (*Response*,

---
[3] See *Martin A. Scott, Trustee v. Shelley S. Massengale, et al.,* Adv. Pro. No. 18-01025.

6

Doc. 2 at 2.) Trustee argues that the bankruptcy court is more familiar with the facts of the underlying action and thus, uniformity would be better achieved there. (*Id*. at 5.) Trustee points to a series of adversary proceedings filed by Trustee in bankruptcy court based upon the same type of facts and legal theories as those submitted against C-Squared. (*Id*.)[4] Trustee also points to the familiarity of the bankruptcy court with this matter as it has been pending since 2017. (*Id*. at 6.) Lastly, Trustee argues judicial efficiency, expediency, and economic preservation are best accomplished in bankruptcy court, whereby other defendants in the related adversary proceedings have consented to a consolidated discovery process. (*Id*.)

2. Analysis

The Court agrees with Trustee that judicial efficiency, uniformity in the bankruptcy administration and the economical use of the parties' resources will be promoted by maintaining the reference. Given the numerous factually similar cases pending before the bankruptcy court, uniformity and efficiency will be better achieved by maintaining the reference. "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration. *In re Royce Homes*, LP, 578 B.R. 748, 759 (S.D. Tex.—Houston Nov. 2, 2017.) Given the level of familiarity with the factual and legal issues presented in both the reference dispute and the underlying adversary proceeding, this Court finds that it would be disruptive to the uniformity of the bankruptcy administration for the suit to be withdrawn. *See In re Doctors Hosp. 1997, LP.*, 351 B.R. 813, 867 (Bankr. S.D. Tex. 2006.)

Second, the use of the debtor's and creditors' resources efficiently "in efforts to administer the debtor's estate and to resolve any related litigation is of significant importance." *In re Conseco*

---

[4] See Adv. Pro. Nos. 19-01017 (*Schott v. Guidry*), 19-01018 (*Schott v. Warner*), 19-01020 (*Schott v. Exec. Dev. Advisors, LLC*), 19-01021 (*Schott v. Daigle*), 19-01022 (*Schott v. JJM Interests, LLC*).

7

*Fin. Corp.*, 324 B.R. 50, 55 (N.D. Ill. 2005) (citing *Holland*, at 999.) When the trustee needs to bring "quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the estate's resources are best met by allowing the suit to remain in the bankruptcy court." *In re Royce Homes*, 578 B.R. at 762. In this matter, speedy resolution is desired by both parties because the bankruptcy case been ongoing since 2017. An expedient resolution can properly be provided by the bankruptcy court.

   D. *Defendant has demanded a jury trial but is not entitled to a jury trial on these issues.*

   1. <u>Parties' arguments</u>

Defendant rests their claim to a jury trial on 28 U.S.C. § 157(e), the Seventh Amendment to the United States Constitution, and the holding of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). (*Motion*, Doc. 1 at 3-4.) Defendant states that the district court is the proper forum to conduct the trial because Defendant does not consent to a jury trial in bankruptcy court and have not sought approval from the district court to do so. (*Id*. at 3.) Defendant avers Trustee's claims seek monetary relief, rather than equitable relief, which entitles them to a jury trial under the Seventh Amendment. (*Id*.) Defendant cites a two-pronged test from the Supreme Court's holding in *Granfinanciera*, in support of their jury trial demand. (*Id*. at 4.) Specifically, Defendant states that courts must ascertain first, whether the cause of action formulated is similar to those brought in the court of England in 18th century, prior to the merger of the courts of law and equity, and secondly, where the relief sought is legal or equitable in nature. (*Id*.)

Trustee argues Defendant's request for a jury trial is irrelevant because Defendant submitted a proof of claim against the estate and thus, has no right to a jury trial in the first place. (*Response*, Doc. 2 at 4.) According to Trustee, stands for the notion that "by filing a claim against a bankruptcy estate, the creditor triggers the process of 'allowance and disallowance of claims,'

8

thereby subjecting himself to the bankruptcy court's equitable power. (*Id.*, (*citing Granfinanciera*, 493 U.S. at 58-59).) Moreover, Trustee also argues the motion is premature based on the absence of a jury trial right. (*Id.* at 5.)

   2. Applicable law

A bankruptcy court does not have the constitutional or statutory authority to conduct a jury trial absent the consent of the parties. *See* 28 U.S.C. § 157(e)("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); *In re Clay*, 35 F.3d 190, 191 (5th Cir. 1994) (holding that a bankruptcy judge does not have the constitutional and statutory authority to conduct a jury trial, even for "core" proceedings without the consent of the parties.) Therefore, if the right to a jury trial exists, then there is sufficient ground to withdraw the reference. *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011).

The Seventh Amendment preserves the right to a jury trial "in suits at common law." U.S. Const. amend. VII. As explained by the Supreme Court in *Granfinanciera*, the Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanciera*, 492 U.S. at 41 (citing, *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).

To determine if the right to a jury trial exists under the Seventh Amendment the Court follows the two-prong analysis set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). "There are two prongs of analysis: (1) whether the cause of action is similar to 18th–century actions brought in the courts of England prior to the merger of courts of law and equity, and (2) whether

9

the remedy sought is legal or equitable in nature." *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011).

In *Granfinanciera*, the Supreme Court faced the issue of whether parties have a right to a jury trial when sued by a trustee in bankruptcy to recover an allegedly fraudulent transfer. 492 U.S. 33 (1989). The Supreme Court held, "Provided that Congress has not permissibly assigned resolution of the claim to a non-Article III adjudicative body that does not use a jury as factfinder, the Seventh Amendment entitles a person *who has not submitted a claim against a bankruptcy estate* to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer." *Id*. at 34 (emphasis added).

However, the Supreme Court has also held that a creditor/defendant waives its right to a jury trial because "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (citing *Granfinanciera*, 492 U.S. at 36). Applying the holding in *Lagenkamp*, to determine if a jury right was extinguished with the filing of a proof of claim, the Fifth Circuit considered in relevant part: (1) whether the creditor has filed proofs of claim in the bankruptcy proceeding; (2) whether the proofs of claim have been resolved, and, if not, whether their resolution will necessarily require the resolution of the debtor's fraudulent transfer claims (asserted by the Trustee); and (3) whether the case presents a *Stern* issue. *U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 18 (5th Cir. 2014), *as revised* (Sept. 2, 2014).

3. Analysis

In this case, Defendant filed two proofs of claim against the Debtor's bankruptcy estate. (Doc. 2-1.) The Defendant's claims have not been allowed or disallowed by the bankruptcy court. (*Claims Register*, Bankruptcy Case 17-10759.) Resolution of the fraudulent transfer

adversary proceeding is integral to the claims allowance and disallowance process because 11 U.S.C. § 502(d) instructs the bankruptcy court to

> disallow any claim of any entity . . . that is a transferee of a transfer avoidable under section . . . 544, . . . 548, . . . of this Title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable . . .

11 U.S.C. § 502(d); *see U.S. Bank Nat. Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 419 (5th Cir. 2014), *as revised* (Sept. 2, 2014) ("[The creditor] Verizon filed proofs of claim, and under the mandatory language of § 502(d), the bankruptcy court could not resolve those claims in favor of Verizon if Verizon had been the transferee of a fraudulent transfer. . . The validity of [the Debtor's claims'] objections does not alter the fact that the bankruptcy court was required to consider the fraudulent transfer issue as a component of the claims-allowance process."). As previously discussed, this case does not present a *Stern* issue. Therefore, under *Granfinanciera* and *Langenkamp*, Defendant's filing proofs of claim triggered the process of "allowance and disallowance of claims," subjecting Defendant to the equitable jurisdiction of the bankruptcy court and waiving its right to a jury trial. *Granfinanciera*, 492 U.S. at 58-59; *Langenkamp*, 498 U.S. at 45.

This factor weighs against withdrawing the reference.

E. *Forum shopping and confusion is reduced by not withdrawing the reference*

Although neither party argues that forum shopping is an issue in this case, a motion to withdraw the reference provides "significant risks of forum shopping because a party can first observe the bankruptcy judge' rulings, and then decide whether to bring the motion." *Kingdom Fresh Produce, Inc. v. Delta Produce, LP*, No. 5:14-MC-899-DAE, 2015 WL 869240, at *4

(W.D. Tex. Feb. 27, 2015). As explained by a bankruptcy court in the Western District of Texas, a motion to withdraw reference can be subterfuge for opportunistic delay or forum-shopping.

> When a party in a given adversary proceeding filed in a bankruptcy case first demands a jury trial and then promptly refuses to consent to the conduct of that trial before the bankruptcy court, it is a safe bet that the tactic does not grow out of a zealous devotion to constitutional principles. In the vast majority of cases, the *real* reason for demanding a jury has less to do with a party's deep and abiding respect for either the jury system or the majesty of Article III of the Constitution and much more to do with either opportunistic delay or forum-shopping. . . the creditor simply did not want to be before a bankruptcy judge on a question involving preferential transfers. Better to be before a tribunal less familiar with the details of the statute, and perhaps more susceptible to "equity" arguments.

*In re Blackwell ex rel. Estate of I.G. Servs., Ltd.*, 267 B.R. 724, 727–28 (Bankr. W.D. Tex. 2001).

In this case, where the adversary proceeding is a "core" proceeding, Defendant has submitted a proof of claim and therefore is not entitled to a jury trial, and it is not clear how judicial efficiency or the administration of the bankruptcy case would be promoted by withdrawal of the reference, the Court believes that forum shopping or opportunistic delay could be the motivating factor in filing the *Motion*. Therefore, this factor weighs against withdrawing the reference.

## CONCLUSION

**IT IS ORDERED** that the *Motion to Withdraw the Reference* (Doc. 1) filed by Defendant C-Squared Management, LLC is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 13, 2019.

    **JUDGE JOHN W. deGRAVELLES**
    **UNITED STATES DISTRICT COURT**
    **MIDDLE DISTRICT OF LOUISIANA**